Jordan T. Smith, Esq., Bar No. 12097
jts@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
mmm@pisanellibice.com
Robert A. Ryan, Esq., Bar No. 12084
rr@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

*Attorneys for Farmers Insurance Exchange*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH GARRIDO, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS AUTOMOBILE INSURANCE ASSOCIATION, FARMERS INSURANCE EXCHANGE, DOES 1 through 10;<br><br>Defendants. | Case No.: 2:21-cv-00440<br><br>**FARMERS INSURANCE EXCHANGE'S NOTICE OF REMOVAL**<br><br>**(CLASS ACTION FAIRNESS ACT)** |

**TO THE ABOVE-ENTITLED COURT:**

NOTICE IS HEREBY GIVEN that Defendant Farmers Insurance Exchange ("FIE") hereby removes the above-entitled action from the Eighth Judicial District Court in and for the County of Clark to the United States District Court in and for the District of Nevada pursuant to 28 U.S.C. §§ 1441(b), 1446, 1453, and 1332(d).

In support of this notice of removal, FIE states to the Court as follows:

1. On or about February 23, 2021, an action was commenced in the Eighth Judicial District Court of Clark County, Nevada, entitled *Garrido v. Farmers Automobile Insurance Association, et al.*, Case No. A-21-829905-C. A copy of the Complaint is attached as Exhibit A.[1]

---

[1] For purposes of this Notice, FIE assumes the truth of the allegations as set forth in the Complaint. However, FIE denies that it has any liability to Plaintiff or to the class she seeks to represent. FIE also denies that Plaintiff or the putative class members are entitled to class

1

2.      Plaintiff Elizabeth Garrido ("Plaintiff") purports to "seek class-wide relief for Defendants Farmers'[2] failure to provide and charge a fair and appropriate insurance premium and to provide premium reduction to its Nevada automobile insurance policyholders amid the COVID-19 pandemic." (Ex. A ¶ 1.) Essentially, Plaintiff alleges that FIE has charged excessive rates.

3.      Plaintiff, individually and on behalf of the putative class, asserts causes of action against FIE for declaratory relief (NRS § 30.040), breach of contract, breach of the covenant of good faith and fair dealing (contract), bad faith, and violation of Nevada's Deceptive Trade Practice Act (NRS §§ 598.0903-598.0999). (*Id.* ¶¶ 54-114.) Individually and on behalf of the putative class, Plaintiff seeks declaratory relief, compensatory and punitive damages, attorneys' fees and costs, and "such other and further relief as th[e] Court deems just and appropriate." (*Id.* at 18:17-19:1.)

4.      Accordingly, Plaintiff purports to bring "this action on behalf of herself and all others similarly situated, as representatives of the following proposed class: All Nevada residents who were automobile insurance policyholders of Defendant Farmers as of March 1, 2020, and who have thereafter continued to be Farmers automobile insurance policyholders." (*Id.* ¶ 47.)

5.      "Congress enacted CAFA with the intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (internal quotations omitted).

6.      Removal pursuant to CAFA is permitted where (1) any member of the putative plaintiff class is a citizen of a state different from any defendant (28 U.S.C. §1332(d)(2)(A)); (2) the members of the proposed plaintiff class exceed 100 (28 U.S.C. § 1332(d)(5)(B)); and (3) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. §§ 1332(d)(2)). Each of these factors is satisfied here.

---

certification or to recover the relief requested in the Complaint. FIE expressly reserves all rights and defenses in response to the Complaint.

[2]      Plaintiff defines "Farmers" to include FIE and a completely unrelated entity: Farmers Automobile Insurance Association (FAIA). As explained herein, FAIA is not related to FIE in any way, and, perhaps more to the point, is domiciled in Illinois (not Nevada).

7. On the CAFA diversity factor considering citizenship, "[u]nlike the complete diversity of citizenship generally required by § 1332(a), . . . CAFA requires only 'minimal diversity.'" *Ehrman*, 932 F.3d at 1226 (quoting *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005)). In her Complaint, Plaintiff alleges that she "is a resident of the State of Nevada." (Ex. A ¶ 4.) Upon information and belief, Plaintiff is a citizen of the state in which she resides. *See Ehrman*, 932 F.3d at 1227 (9th Cir. 2019) (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) ("A party's allegation of minimal diversity may be based on 'information and belief.'")). FIE is a reciprocal or interinsurance exchange organized and existing under the laws of the State of California with its principal place of business in Woodland Hills, California.

8. FIE has no relationship to Defendant Farmers Automobile Insurance Association (FAIA). Plaintiff alleges that FAIA is an Illinois company, with offices located at 2505 Court Street, Pekin, Illinois, 61558. (Ex. A ¶ 5.) The Nevada Division of Insurance website confirms that FAIA is domiciled in Illinois, as does the 2020 FAIA Annual Statement filed with and available from the National Association of Insurance Commissioners (NAIC).

9. Thus, even considering FAIA, the diversity necessary under CAFA exists.

10. Plaintiff alleges that "there are thousands of members in the proposed class[.]" (Ex. A ¶ 48.) Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied because there are over 100 members of the putative class.

11. As to amount in controversy, without waiving any rights or defenses or conceding that Plaintiff or the class would be entitled to such a recovery, FIE acknowledges that the amount in controversy would exceed the $5,000,000 monetary threshold set forth in 28 U.S.C. §§ 1332(d)(2) if plaintiff's allegations were sustainable (and they are not).

12. The notice of removal is timely as FIE has not yet been served. *See* 28 U.S.C. § 1446(b) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

1    13.    Venue is proper in this Court because this is the court for the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. §§ 108 and 1441(c).

14.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the Clerk of Court for the Eighth Judicial District Court in Clark County, Nevada and will be served on Plaintiff's counsel.

15.    By filing this Notice of Removal, FIE does not waive any defenses including, but not limited to, all defenses specified in Federal Rules of Civil Procedure 12 and 23.

16.    The undersigned counsel for FIE has read the foregoing and signs this Notice pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, FIE requests the above-referenced action now pending against it in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark be removed to this Court.

DATED this 17th day of March, 2021.

PISANELLI BICE PLLC

By:    */s/ Jordan T. Smith*
      Jordan T. Smith, Esq., Bar No. 12097
      M. Magali Mercera, Esq., Bar No. 11742
      Robert A. Ryan, Esq., Bar No. 12084
      400 South 7th Street, Suite 300
      Las Vegas, Nevada  89101

*Attorneys for Farmers Insurance Exchange*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of PISANELLI BICE PLLC and that, on this 17th day of March, 2021, I caused to be served a true and correct copy of the above and foregoing **FARMERS INSURANCE EXCHANGE NOTICE OF REMOVAL** via the Court's CM/ECF service system.

Robert T. Eglet, Bar No. 3402
Cassandra S.M. Cummings, Bar No. 11944
EGLET ADAMS
400 S. Seventh St., Suite 400
Las Vegas, NV 89101

Matthew L. Sharp, Bar No. 4746
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501

　　　　　　　　　　　　　　　　*/s/ Kimberly Peets*
　　　　　　　　　　　　　　　An employee of PISANELLI BICE PLLC

5