ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 9127
**EGLET ADAMS**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
(702) 450-5400; Fax: (702) 450-5451
eservice@egletlaw.com
          *-and-*
MATTHEW L. SHARP, ESQ.
Nevada Bar No. 4746
**MATTHEW L. SHARP, LTD.**
432 Ridge Street
Reno, NV 89501
(775) 324-1500; Fax: (775) 284-0675
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH GARRIDO, individually and on behalf of all those similarly situated,<br><br>           Plaintiff,<br>vs.<br><br>FARMERS AUTOMOBILE INSURANCE ASSOCIATION, FARMERS INSURANCE EXCHANGE, DOES 1 through 10,<br><br>           Defendants. | Case No.: 2:21-cv-00440- RFB-BNW<br><br>**STIPULATION AND PROPOSED ORDER EXTENDING DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT** |

Plaintiff ELIZABETH GARRIDO, by and through their counsel of record, Robert T. Eglet, Esq., Tracy A. Eglet, Esq., and Danielle C. Miller, Esq. of the law firm EGLET ADAMS and Matthew L. Sharp, Esq. of the law firm MATTHEW L. SHARP, LTD., and Defendant FARMERS INSURANCE EXCHANGE ("Farmers"), by and through their counsel of record, Vanessa Wells and Jordan Teti of HOGAN LOVELLS US LLP, Jordan T. Smith, Esq., and M. Magali Mercera, Esq., of the law firm PISANELLI BICE PLLC, for good cause shown, hereby stipulate and agree as follows:

1.      Plaintiff filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-829905-B. Farmers removed this action to this Court on March 17, 2021.

2. Farmers filed their Motion to Dismiss on May 14, 2021 [ECF No. 20].

3. Plaintiff filed her Response to Farmers' Motion on June 14, 2021 [ECF No. 24].

4. Farmers filed a Reply in support of the Motion on July 9, 2021 [ECF No. 26].

5. On February 9, 2021, the Honorable Richard F. Boulware, II granted Farmer's Motion to Dismiss with prejudice, except that the Court granted leave to amend as to the Third, Fourth, and Fifth Causes of Action to the extent Plaintiff is able to amend consistent with the Court's decision. The Court designated the transcript of the hearing as the written decision in the matter. The Court allowed s and Ordered Plaintiff 30 days to file an Amended Complaint (on or before Friday, March 11, 2022) [ECF No. 30].

6. At the hearing, the District Court expressly encouraged the parties to be courteous with extensions for issues related to the contemplated amended complaint.

7. Because the three claims that were dismissed without prejudice must be pled with particularity, if possible, Plaintiff needs additional time to review Plaintiff's e-mail correspondence, records, and bank statements going back at least two (2) years, to the beginning of the COVID-19 pandemic. Given how much time has passed and given the burden of pleading Plaintiff's claims with particularity, Plaintiff needs additional time to thoroughly review her records to obtain this information. Plaintiff will also have to request some of this information from third parties, which may take additional time.

8. Thus, the parties hereby stipulate that Plaintiff shall have an additional sixty (60) days to file an Amended Complaint.

9. That Plaintiff's Amended Complaint shall be due on or before May 11, 2022.

10. Farmers shall have an additional thirty (30) days to file its response to Plaintiff's Amended Complaint, extending the time to respond under the Federal Rules of Civil Procedure from fourteen (14) days after service of the Amended Complaint to forty-four (44) days after service of the Amended Complaint. Farmers anticipates needing this additional time to respond to the additional factual information that Plaintiff must include in the amended complaint.

11. The parties agree that discovery remains stayed pending Plaintiff filing an Amended Complaint and resolution of Defendant's anticipated Motion to Dismiss Plaintiff's

1   Amended Complaint.

2   12.   In this District, requests to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion. *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 602 (D. Nev. 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *See Federal Housing Finance Agency v. GR Investments LLC*, Case No. 2:17-cv-03005-JAD-EJY, 2020 WL 2798011 at *3 (D. Nev. May 29, 2020) (granting motion to stay discovery pending resolution of potentially dispositive motion for summary judgment); *see also Mintun v. Experian Information Solutions, Inc*., 2:19-cv-00033-JAD-NJK, 2019 WL 2130134 at **1-2 (D. Nev. May 15, 2019) (granting motion to stay discovery pending resolution of potentially dispositive motion to dismiss).

13.   The Parties agree that Farmers' Motion to Dismiss raises potentially dispositive legal and jurisdictional defenses to Plaintiff's claims concerning Farmers' auto insurance rates during the COVID pandemic.

14.   The Court previously stayed discovery pending Farmers' initial motion to dismiss. [ECF No. 12.] The same considerations are present with the expected motion to dismiss the amended complaint.

15.   Pending resolution of Farmers' Motion to Dismiss, the Parties agree and stipulate to a stay of discovery including, but not limited to, any discovery obligations set forth in Fed. R. Civ. P. 26 and LR 26-1.

16.   If the Court denies Farmers' Motion to Dismiss, in whole or in part, the Parties agree to submit a Discovery Plan and Scheduling Order within thirty (30) days after entry of the Court's Order on the Motion.

17.   The parties respectfully suggest that good cause exists to enter the stipulated stay of discovery to preserve judicial and party resources and based on application of the factors set forth in paragraph 11, above.

18. The Parties represent that this stipulation is sought in good faith, is not interposed for delay, and is not filed for an improper purpose.

DATED this 10th day of March, 2022.

DATED this 10th day of March, 2022.

**EGLET ADAMS**

*/s/ Robert T. Eglet, Esq.*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 9127
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
     -and-
MATTHEW L. SHARP, ESQ.
Nevada Bar No. 4746
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501
*Attorneys for Plaintiff*

**PISANELLI BICE PLLC**

*/s/ Jordan T. Smith, Esq.*
JORDAN T. SMITH, ESQ.
Nevada Bar No. 12097
M. MAGALI MERCERA, ESQ.
Nevada Bar No. 11742
ROBERT A. RYAN, ESQ.
Nevada Bar No. 12084
400 South 7th Street, Suite 300
Las Vegas, NV 89101
-and-
VANESSA O WELLS, ESQ.
(admitted pro hac vice)
HOGAN LOVELLS US LLP
4085 Campbell St., Ste 100
Menlo Park, CA 94025
*Attorneys for Defendants*

## ORDER

Based upon the parties' stipulation and GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED:

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 11, 2022

4